IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCELLA JENKINS ) | |
| and CRAIG JENKINS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:11-CV-350-WKW [WO] |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This action arises out of a dispute about a damaged swimming pool and a homeowner's insurance policy. Before the court is a motion to dismiss the fraud count of the Complaint (Doc. # 4), filed by Defendant State Farm Fire and Casualty Company ("State Farm"). Plaintiff Marcella Jenkins ("Mrs. Jenkins") filed a response brief (Doc. # 7), to which State Farm filed a reply (Doc. # 10). Craig Jenkins ("Mr. Jenkins"), also a party to the homeowner's insurance policy, was previously joined as a plaintiff by court order (Doc. # 11). Following that order and a subsequent show cause order, Mr. Jenkins appeared in this action and adopted Mrs. Jenkins's Complaint and response in opposition to the motion to dismiss.[1] (Doc. # 13.) For the reasons that follow, State Farm's motion to dismiss the fraud count is due to be granted.

---

[1] Therefore, the claims in the Complaint are referred to as belonging collectively to Mr. and Mrs. Jenkins.

## I. JURISDICTION AND VENUE

State Farm removed this case to federal court on May 6, 2011, and Mrs. Jenkins did not timely challenge the removal. (Doc. # 1.) Subject matter jurisdiction is exercised pursuant to 28 U.S.C. §1332(a). Personal jurisdiction and venue are not contested, and there are adequate allegations of both.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss, courts "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005) (citation and internal quotation marks omitted); *see also Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) ("We have held many times when discussing a Rule 12(b)(6) motion to dismiss, that the pleadings are construed broadly, and that the allegations in the complaint are viewed in the light most favorable to the plaintiff." (internal citations and quotation marks omitted)).

To survive Rule 12(b)(6) scrutiny, however, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). If there are "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim, there are "plausible" grounds for recovery, and a motion to dismiss should be denied. *Twombly*, 550 U.S. at 556. The claim can proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (citation and internal quotation marks omitted).

### III.  BACKGROUND

Mr. and Mrs. Jenkins, Alabama citizens, bring breach-of-contract, fraud, and bad faith claims against State Farm. (Doc. # 1, Ex. A, 8-11 ("Compl.").) Only their fraud claim is at issue on this motion.

State Farm issued Mr. and Mrs. Jenkins a homeowner's insurance policy (the "Policy") that was effective from September 23, 2009 to September 23, 2010. (Compl. ¶ 3.) The Policy provided homeowner's insurance coverage for their home, as well as the outer extensions and surrounding areas of the home. (Compl. ¶ 3.)

On or about June 30, 2010, a pipe connected to Mr. and Mrs. Jenkins's swimming pool burst, flooding the area surrounding the home and garden with water. (Compl. ¶ 4.) The burst pipe also caused substantial damage to the pool's liner and other components. (Compl. ¶ 4.) In early July 2010, Mr. and Mrs. Jenkins filed a claim with State Farm seeking compensation for the loss resulting from the damaged pipe, to include damage to their home, land, swimming pool "apparatus," and other items. (Compl. ¶ 5.) Following their claim, and at the request of State Farm, multiple companies came to the property to inspect the damage resulting from the damaged pipe. (Compl. ¶ 6.) The companies' inspections found that the damage to their pool was caused by a sudden bursting of a pipe connected to the pool. (Compl. ¶ 7.) Mr. and Mrs. Jenkins complied with every request from State Farm in connection with processing their claim. (Compl. ¶ 7.) However, State Farm refused "to process a valid claim." (Compl. ¶ 8, 12.)

Mr. and Mrs. Jenkins's claims are that State Farm is liable for: (1) breach of contract (Compl. ¶ 12); (2) fraud (Compl. ¶ 14); and (3) failure to act in good faith (Compl. ¶ 16). They also seek declaratory relief stating that they have "a right to be compensated for covered loss or damage to [their] property pursuant to the terms and conditions of said policy." (Compl. ¶ 10.) They seek compensatory and punitive

damages, attorney's fees, and costs. (Compl. 11.) A jury trial is also demanded. (Compl. 1.)

## IV. DISCUSSION

State Farm contends that Mr. and Mrs. Jenkins's fraud claim is due to be dismissed because it was not pleaded with sufficient particularity in compliance with Rule 9(b) of the Federal Rules of Civil Procedure, and because their fraud claim fails as a matter of law. (Doc. # 4, 3-6; Doc. # 10, 2-3.) Mr. and Mrs. Jenkins respond that they have sufficiently pled a fraud claim under Alabama law, and that Alabama pleading requirements, not federal pleading requirements, control. (Doc. # 7, 1-3.) Because their fraud claim sounds in fraud in the performance of a contract, it is due to be dismissed under Alabama law.

A claim of ordinary fraud is in fact a claim of fraudulent misrepresentation. *U.S. Diagnostic, Inc. v. Shelby Radiology, P.C.*, 793 So. 2d 714, 720-21 (Ala. 2000), *overruled on other grounds by Bruce v. Cole*, 854 So. 2d 47, 58 (Ala. 2003). The elements of a fraudulent misrepresentation claim are: (1) a false representation; (2) concerning a material fact; (3) plaintiff's reliance on the false representation; and (4) actual injury resulting from that reliance. *See Consol. Constr. Co. of Ala. v. Metal Bldg. Components, L.P.*, 961 So. 2d 820, 825 (Ala. 2007). However, "[a] mere failure to perform a contract obligation is not a tort, and it furnishes no foundation for an

action on the case." *C & C Prods., Inc. v. Premier Indus. Corp.*, 275 So. 2d 124, 130 (Ala. 1974).  In *Brown-Marx Assocs., Ltd. v. Emigrant Savs. Bank*, 703 F.2d 1361 (11th Cir. 1983), applying Alabama law, the Eleventh Circuit similarly explained that a "[f]ailure to perform a promise is not of itself adequate evidence of intent to support an action for fraud.  A mere breach of a contractual provision is not sufficient to support a charge of fraud." *Id.* at 1370-71; *see also Dickinson v. Land Developers Constr. Co.*, 882 So. 2d 291, 303-06 (Ala. 2003) (Houston, J., concurring) ("[I]t is clear that to assert a fraud claim that stems from the same general facts as one's breach-of-contract claim, the fraud claim must be based on representations independent from the promises in the contract and must independently satisfy the elements of fraud." (emphasis omitted)).

In their response to State Farm's motion to dismiss, Mr. and Mrs. Jenkins describe the fraud claim:

> [T]he Defendant falsely misrepresented to [Mr. and] Mrs. Jenkins that if [they] purchased a homeowner policy and paid [their] premiums (both of which are material facts), [they] would be financially compensated for any loss or damage to [their] real and personal property that is covered under the terms and conditions of [their] insurance policy, and that a valid claim, once filed with State Farm, would yield this result.  *This misrepresentation* was reasonably relied upon by [Mr. and] Mrs. Jenkins in September 2009 (the beginning of the policy in question) and [they] subsequently paid multiple insurance premiums, much to [their] financial detriment, only to not have a valid insurance claim processed and adjusted by the Defendant that would have and should have resulted in coverage under the policy.

6

(Doc. # 7, at 2-3 (emphasis added).)  Mr. and Mrs. Jenkins's fraud claim is solely premised on State Farm's promise to perform under the contract, to financially compensate them for any loss or damage to their property under certain conditions, and State Farm's subsequent breach of that promise by not processing and paying a valid claim.  Thus, State Farm's fraud in the performance of the contract does not, in and of itself, give rise to a fraud claim, unless "there is damage due to fraud that is separate from damages that may result from any subsequent contractual breach." *Dickinson*, 882 So. 2d at 305 (internal citation and quotations marks omitted).  However, the fraud claim does not allege any damage separate from the damage resulting from State Farm's alleged breach of the insurance contract.  Accordingly, Mr. and Mrs. Jenkins's fraud claim fails as a matter of law.  Therefore, the court need not address the sufficiency of their fraud pleadings under the Federal Rules of Civil Procedure.

   Finally, based on the documents attached to the Jenkins's Complaint and their remaining allegations, it would likely be futile to allow amendment of their fraud claim.

## V.  CONCLUSION

It is ORDERED that Defendant's Motion for Partial Dismissal (Doc. # 4) is GRANTED, and Plaintiffs' fraud claim (Doc. # 1, Ex. 1, at 9-10) is DISMISSED with prejudice.

DONE this 4th day of August, 2011.

                                    /s/ W.  Keith Watkins
                         CHIEF UNITED STATES DISTRICT JUDGE